## PERKINS v. WOLF *et al.*

1. **Injunction: SCHOOLS.** The county superintendent of common schools has no power to sue out an injunction to restrain a person from teaching a public school, or the officers from paying for such services out of the school funds of the district, on the ground that such teacher is acting without a certificate of qualification, in violation of the laws of this State. It *seems* that such a proceeding may be maintained by a citizen or resident of the district.

*Appeal from Van Buren District Court.*

MONDAY, OCTOBER 17.

THE facts are sufficiently stated in the opinion of the court.

*C. C. Nourse* for the appellant.

No appearance for the appellee.

LOWE, J.—This case will be disposed of in few words. On the 16th of March, 1863, plaintiff granted to Martha E. Sample, a certificate to teach common schools in Van Buren county. On the 9th of May following, this certificate he revoked upon satisfactory evidence being produced, that the said Martha was disloyal, and guilty of disloyal practices against the government, and advised the defendants of such action. With the approbation and encouragement of the treasurer of the township, and of the director of the district, the said Sample continued to carry on the school and to teach, to the very great dissatisfaction of many of the patrons of the school. Such conduct was disorderly, unlawful and highly reprehensible. On the 15th of July thereafter, plaintiff filed his bill of injunction against the defendants, restraining the treasurer from paying the said teacher—the teacher from giving further instructions—the director against permitting the use and occupancy of the school house by said Sample—all

for the cause above stated.   At the hearing the court sus-
tained a motion to dissolve said injunction, and also a
demurrer to the petition, upon the general ground that it
was not competent for the plaintiff to maintain a proceed-
ing of this kind.   Upon looking into the statutory powers
and official duties of county superintendents, and the par-
ticular relation which they stand to other subordinate school
officers and teachers, we confess to have failed in finding
any authority for the institution and maintenance of a suit
of this description by the officer in question; but we sup-
pose any citizens or residents of that particular district
would have the right to resort to a similar proceeding to
restrain parties that were thus putting at defiance the plain
provisions of the school law.

The judgment below is

Affirmed.